UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| BERTHA BROWN PELLEGRIN | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 21-1955 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "J" (2) |

Related to:  12-968 BELO in MDL 2179

# REPORT AND RECOMMENDATION

Defendants BP Exploration & Production Inc. and BP America Production Company filed a Motion to Dismiss Plaintiff's Complaint pursuant to Section IV(1) of the BELO Case Initial Proceedings Case Management Order (MDL 2179, ECF No. 14099) based on her failure to satisfy the conditions precedent to filing a Back-End Litigation Option ("BELO") suit.  ECF No. 4.  Neither party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date.  The motion was scheduled for submission on Wednesday, December 8, 2021.  As of this date, Plaintiff has not filed any Opposition Memoranda, and the deadline for same expired on Tuesday, November 30, 2021.  *See* E.D. La. L.R. 7.5.  Accordingly, this motion is deemed unopposed.

Having considered the record, the parties' submissions, the applicable law and finding that oral argument is not needed, I recommend that BP's Motion to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED WITH PREJUDICE for the following reasons.

1

I. **BACKGROUND**

Plaintiff Bertha Brown Pellegrin filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC"), specifically atopic dermatitis, on October 23, 2021. *See* ECF No. 1. She claims that she suffered injuries as a result of exposure (through inhalation, airborne and direct contact) to oil, dispersants, and other harmful substances during clean-up work related to the BP oil spill. ECF No. 1, ¶¶ 28–29. Plaintiff claims to have satisfied all pre-suit conditions, stating in pertinent part:

> Plaintiff has properly and timely complied with all condition precedents for a class member who is filing a claim for a LMPC, including, but not limited to, the pre-suit notice and obtaining Notice of BP's Election Not to Mediate.

*Id.* ¶ 11.

Defendants now move to dismiss Plaintiff's Complaint as time-barred and based on Plaintiff's failure to satisfy the conditions precedent mandated by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"). Defendant contends that Plaintiff failed to submit a Notice of Intent to Sue ("NOIS") to the Claims Administrator within four years of the later of the effective date of the MSA or first diagnosis of the LMPC. ECF 4-1, at 1–2. Defendants assert that Plaintiff was first diagnosed with LMPC on November 23, 2016, and thus was required to file suit by November 23, 2020. *Id.* at 2. However, when Plaintiff submitted her NOIS on February 23, 2021, she submitted a record dated January 9, 2020 rather than the prior November 23, 2016 diagnosis date. *Id.*

II. **LAW AND ANALYSIS**

A. **BELO Background**

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined

2

in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA"). *See* 10-md-2179, ECF No. 6427-1, at § II(VV). As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"). *Id.* § VIII.A. The Plaintiff must identify the specific LMPC on the NOIS form and provide either a physician's certification or a medical record that contains both the diagnosed physical condition and the date of first diagnosis of that LMPC. MSA, Ex. 4, ECF No. 6427-4, at 3-4. The MSA imposes a four-year deadline for the NOIS to be submitted: "The NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE [of the MSA, February 12, 2014], whichever is later." MSA, ECF No. 6427-1, § VIII.A.

If the NOIS contains the required information, the Claims Administrator sends the NOIS to BP for a mediation election decision. *Id.* at §§ VIII.C.1. If BP elects not to mediate, or if mediation is unsuccessful, then the claimant may file a BELO lawsuit, which must be done within six months. *Id.* at §§ VIII.C.2 and 3, VIII.G.1.b. A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT *only* for that LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." *Id.* at § VIII.G.2.a.

In this case, Plaintiff asserts that she submitted the required Notice of Intent to Sue and completed all other conditions precedent. ECF No. 1, ¶ 11. In their Motion to Dismiss Plaintiff's Complaint, Defendants contend that this second BELO suit filed by Plaintiff is untimely. Her first BELO suit arises from a January 2018 NOIS alleging LMPC of lichen simplex chronicus. *See* EDLA Civ. No. 19-2093(G). Plaintiff now claims to suffer from an entirely new LMPC – atopic

3

dermatitis for which she submitted a NOIS form on February 23, 2021.  ECF No. 4-2.  Although this document reflects a January 9, 2020 first diagnosis date, discovery in Plaintiff's first BELO suit revealed medical records from Plaquemines Medical Center reflecting an atopic dermatitis diagnosis on November 23, 2016.  ECF No. 4-3.  Based on this 2016 diagnosis, Defendants seek dismissal of this case as time-barred.

### B. Dismissal With Prejudice

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases.  ECF No. 3.  It expressly permits the parties to move to dismiss an individual BELO complaint with*out* prejudice for failure to complete the conditions precedent to filing a lawsuit.  *Id*. at ¶ IV(1)(A).  BP seeks a dismissal *with* prejudice because Plaintiff's time-bar cannot be cured by amending the complaint or granting additional time to comply with the conditions precedent.

Section IV(1)(D) also expressly permits motions to modify the CMO.  As Judge Wilkinson previously explained, "At the time [the CMO] was issued, I optimistically anticipated only curable pre-filing administrative deficiencies, not that a plaintiff's failure would be to miss one of the absolute deadlines established in the Medical Settlement Agreement."[1]  As in prior cases involving untimely BELO claims, no purpose would be served by dismissing this case without prejudice, when its untimely filing under the Medical Settlement Agreement clearly means that the claim is barred and must be dismissed with prejudice.[2]  Invoking CMO ¶ IV(1)(D),[3] I hereby modify the CMO insofar as it applies to this particular BELO case to permit filing of the motions to dismiss with prejudice.

---

[1] *Benton v. BP Expl. & Prod. Inc.*, No. 19-9985, ECF No. 17, at 5–6 (E.D. La. July 15, 2019), *R & R adopted* ECF No. 20; *Montalvo v. BP Expl. & Prod. Inc.*, No. 19-9987, ECF No, 16, at 5–6 (E.D. La. July 15, 2019), *R & R adopted* ECF No. 19.
[2] *Benton*, ECF No. 17 at 19–20.
[3] *See id.*

### C. Rule 12(b)(6) Authorizes Consideration of Certain Documents

In ruling on a Rule 12(b)(6) motion, the court may consider not only the allegations in the Complaint, but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[4] In addition, the court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[5] Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[6]

Medical records may be properly considered in adjudicating a motion to dismiss when the complaint refers to the plaintiff's medical records and those medical records are central to the plaintiff's claims.[7] Plaintiff's allegations regarding her medical condition and first diagnosis of same are central to her claim for recovery of atopic dermatitis as a LMPC. Accordingly, consideration of Plaintiff's medical records in ruling on this motion to dismiss is appropriate.

---

[4] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[5] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).

[6] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (stating that if an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.)); *Thermo Credit, LLC v. Cordia Corp.*, No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[7] *See, e.g.*, *Guillot v. Lopinto*, No. 20-1604, 2021 WL 779180, at *7 (E.D. La. Mar. 1, 2021); *White v. City of New Orleans*, No. 19-11911, 2020 WL 2844845, at *3 (E.D. La. May 29, 2020), *aff'd*, 844 F. App'x 719 (5th Cir. 2021).

    D. <u>Analysis</u>

Section VIII.A of the MSA expressly provides, in relevant part, that class members must submit the NOIS to the Claims Administrator within four years of the ***first*** diagnosis of a LMPC. When Plaintiff presented to Dr. Mustapha on November 23, 2016 complaining of rash, Dr. Mustapha assessed her condition and concluded she had "atopic dermatitis, unspecified." ECF No. 4-3, at 3. Plaintiff filed her NOIS in this matter on February 23, 2021. ECF No. 4-2. Plaintiff's failure to file her NOIS within four years of the date of her ***first*** diagnosis of atopic dermatitis (i.e., by November 23, 2020) bars her claim, and that claim is not revived by Plaintiff's receipt of a ***second*** diagnosis of atopic dermatitis on January 9, 2020 and subsequent February 23, 2021 NOIS.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's BELO claim for LMPC (i.e., atopic dermatitis) is untimely based on her failure to file her NOIS by November 23, 2020. Accordingly,

IT IS RECOMMENDED that the Motion to Dismiss Plaintiff's Complaint (ECF No. 4) filed by Defendants BP Exploration & Production Inc. and BP America Production Company be GRANTED and that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

---

[8] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

New Orleans, Louisiana, this __13th__ day of December, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE